**FLOOK, Plaintiff-Appellee, v. KEMP, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2251.   Decided December 4, 1953.

Southard & Rothberg, O. M. Southard, of Counsel, Dayton, for plaintiff-appellee.

Matthews & Altick, Hugh H. Altick, of Counsel, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court rendered in favor of the plaintiff upon the verdict of a jury.   A motion for judgment notwithstanding the verdict was filed and overruled.   This is alleged to be error and that the court also erred in overruling the defendant's motion for a directed verdict at the close of the plaintiff's case.   The action is one for damages arising out of the collision of two automobiles at the intersection of U. S. 40 and State Route 311 upon which there was a "stop" sign at the intersection.

The only issue presented by the pleadings is whether or not the defendant was guilty of any negligence as charged in the petition, and the amount of damages, if any, suffered by the plaintiff.   The petition charged the defendant with negligence in the following particulars:

1. By failing to bring his automobile to a stop at U. S. Route 40, there being a "Stop" sign located at the northwest corner on Route 311 facing southbound traffic, before entering said intersection.

2. By failing to maintain a lookout ahead for plaintiff's automobile.

The appellant urges there is no evidence in the record which supports either of the allegations of negligence. It therefore becomes necessary to make a careful examination of the bill of exceptions. In so doing we find that the plaintiff-appellee testified as follows concerning the collision:

"Q. Now, will you describe briefly, Mr. Flook, how the accident occurred?

"A. Well, it happened so fast. When I got there something happened in a flash, you would say. It wasn't light, but a jar, a sound, and that was all I knowed about it.

"Q. Where did that occur with reference to the intersection of 311?

"A. Right at the crossroads, where 311 crosses. I would say on the right hand side of 40, on the North side of the road.

"Q. In the intersection?

"A. Yes.

"Q. What happened to you then following this crash?

"A. What happened to me?

"Q. That's right.

"A. I couldn't tell you.

"Q. Were you rendered unconscious following this accident?

"A. When I really knew what it was all about I was in the Good Samaritan Hospital.

"Q. Do you know about how many hours after the accident occurred when you first remembered?

"A. I can't answer that question. I couldn't give you how long."

The only other testimony in the record concerning the collision is that of one Mary Boone, who testified that she heard the crash, rushed about six steps to her door, and then saw the plaintiff roll out of the door on the right side of the automobile. In response to the question as to the damages she saw to the plaintiff's car she answered, "Well, the right side was pretty well crushed and there was broken glass." She testified further as to the plaintiff's physical condition, stating that he was in a dazed condition, with blood on his face and coming out of his mouth, and that he laid upon the ground until removed by an ambulance. Further proof was offered as to the damage suffered, and then the plaintiff rested. The defendant moved for an instructed verdict, and the same was overruled. The defendant then rested without offering any evidence on his behalf.

The question presented is whether there was any evidence offered on behalf of the plaintiff from which reasonable minds might infer that the defendant was negligent as charged in

the petition, and which was a proximate cause of the plaintiff's injuries. We are of the opinion that from the facts presented and taking into consideration the suddenness of defendant's appearance upon U. S. No. 40, and the amount of damage done to the right side of plaintiff's car, that the jury might draw the inference that the defendant failed to stop his automobile in accordance with §6307-42(b) GC, and that it might also infer from this evidence that the defendant failed to maintain a proper lookout. Should we be wrong in these conclusions and there be no evidence supporting the allegations of negligence set forth in the petition, then the doctrine of res ipsa loquitur would have application, for the evidence discloses that the plaintiff was proceeding in a lawful manner with the right of way in his favor and was struck by an instrumentality which was in exclusive control of the defendant. The doctrine was held applicable under similar facts in the case of **Motorists Mutual Ins. Co. v. Calland, 93 Oh Ap 543**, the syllabus of which provides in paragraphs 1, 2 and 3 as follows:

"1. The rule of res ipsa loquitur is a rule of evidence, need not be pleaded, and where warranted by the evidence will be applied even though specific acts of negligence are alleged in the petition.

"2. The doctrine of res ipsa loquitur asserts that where the instrumentality causing an injury is under the exclusive management and control of the defendant and the accident occurs under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. the fact of the injury itself affords sufficient evidence to support recovery where the defendant fails to show that the injury did not result from his want of care.

"3. The doctrine of res ipsa loquitur has application in an action for damages arising out of an automobile accident where the defendant, by answer, admits the fact of the collision and the cause thereof is not explained by the evidence and where the evidence discloses that at the time the accident occurred the plaintiff's automobile was parked on the side and as far off the paved portion of a road as possible, that defendant's automobile was seen approaching the place of collision on the opposite side of the road and from the opposite direction, and that the collision occurred."

Finding no error in the record the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.